Wayne R. ANGLIAN,
Appellant-Petitioner,

v.

Dewey SOWDERS, Superintendent,
Kentucky State Reformatory,
Appellee-Respondent.

Court of Appeals of Kentucky.

Feb. 24, 1978.

Discretionary Review Denied
June 27, 1978.

Wayne R. Anglian, pro se.

Jack Emory Farley, Public Defender, David E. Norat, Asst. Public Defender, Frankfort, for amicus curiae.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee-respondent.

Before HOWERTON, WILHOIT and WINTERSHEIMER, JJ.

WILHOIT, Judge.

This appeal is from an order of the Oldham Circuit Court dismissing the petition of Wayne R. Anglian for a writ of habeas corpus. The circuit court found no merit in the appellant-petitioner's claim that he was being detained in the Kentucky State Reformatory in violation of the United States Constitution. Nor do we.

In June, 1970, the appellant-petitioner was released on parole from the state reformatory where he had been confined upon his conviction of two charges of robbery. On January 13, 1976, while still on parole, he pleaded guilty and a judgment of conviction was entered in federal court on a charge of illegal possession of a firearm. On February 20, 1976, he was placed in a federal institution in Missouri to begin service of a 2-year sentence.

On February 11, 1976, the Kentucky Parole Board issued a parole violator warrant for the arrest of the appellant-petitioner. This warrant was forwarded to the federal institution as a detainer. Appellant-petitioner requested the Kentucky Parole Board to hold an immediate parole revocation hearing even though he was not yet in the custody of the Kentucky authorities. No revocation hearing was held until June, 1977, shortly after he had been released from federal custody and returned to Kentucky. At the hearing he was found to have violated the conditions of his parole and was again committed to the state reformatory.

The appellant-petitioner and the amicus curiae contend that the failure of the Kentucky Parole Board to afford appellant-petitioner a prompt revocation hearing upon the lodging of the parole violator warrant with the federal authorities deprived him of constitutionally protected "liberty interests," contrary to the holding in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

The first liberty interest of which he claims to have been deprived is an opportunity to have served his federal and state sentences concurrently. Accepting for the sake of argument that an opportunity to serve sentences concurrently involves a constitutionally protected liberty interest, the action of the parole board did nothing to deprive the appellant-petitioner of such an opportunity since he had none. If the parole board had chosen to hold an immediate hearing and had revoked parole, then under KRS 439.430(3) appellant-petitioner would have still been deemed a "fugitive from justice" until he could be taken into custody under the parole violation warrant and it was not possible to take him into custody under that warrant so long as he remained

within the custody of the federal authorities.[1]

We do not agree with the argument that once appellant-petitioner was returned to Kentucky the parole board was helpless to grant, in effect, a concurrent sentence by choosing not to revoke his parole. It is argued that by its regulations the parole board may consider only mitigating factors surrounding the actual commission of the federal crime in determining whether or not to revoke appellant-petitioner's parole. We do not read the pertinent regulation, 501 KAR 1:010 § 11(2), to be so restrictive. That regulation provides that once the board determines a violation has occurred it then considers "the mitigating circumstances surrounding the violation." When the parole violation which has occurred is the commission of a crime resulting in conviction and imprisonment by another jurisdiction for a period of time, it is clear that this incarceration and the consequent rehabilitation, if any, of the violator is a mitigating circumstance surrounding the violation which might and perhaps should be considered by the parole board in determining whether to recommit him as a parole violator.

The next liberty interest of which there is a claim of deprivation by delay in holding the revocation hearing is the ability to present mitigating evidence on behalf of the appellant-petitioner. There is, however, no showing whatsoever of any mitigating evidence which was lost to this petitioner by the delay. This claim is without merit.

Finally, appellant-petitioner claims that the detainer deprived him of participation in certain rehabilitative programs in the federal institution. Again he has made no showing of any rehabilitation program he was forbidden to take part in solely because of the detainer. Even if the withholding of such programs because of a detainer can be considered deprivation of a liberty interest, we believe such a circumstance would have addressed itself to the reasonableness of the federal prison regula-

tions in a situation such as this rather than to the necessity that the Kentucky Parole Board hold an immediate revocation hearing.

We believe the judgment of the trial court was correct and find nothing in this case contrary to the principles set forth in *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

The judgment of the trial court is affirmed.

All concur.

---

1. *See also* KRS 533.060(2), effective June 19, 1976.