William G. ROBISON, Petitioner
and Appellant,

v.

STATE of South Dakota and its Officers
and Agents, and Lester Hawkey, Sheriff
of Minnehaha County, South Dakota,
and the Magistrate Division of the
Second Judicial Circuit Court and its
Officers and Agents, and Mike Ferris,
Surety, Respondents.

No. 12563.

Supreme Court of South Dakota.

May 3, 1979.

Linda Lea M. Miller, Finch & Miller, Rapid City, for petitioner and appellant.

Gene Paul Kean, State's Atty. for Minnehaha County, Sioux Falls, for respondents.

WOLLMAN, Chief Justice.

This is a habeas corpus action to test the validity of an extradition proceeding which has been commenced against Robison (petitioner). The writ was denied, and petitioner was ordered held for extradition to the State of Washington. We affirm.

On February 7, 1973, petitioner was convicted of first degree robbery in South Dakota and was sentenced to seven years in the South Dakota State Penitentiary. On September 2, 1976, petitioner was found guilty of an escape from the penitentiary, and a ninety day extension was added to his sentence. While petitioner was serving his time in South Dakota, certain "holds" or "detainers" were filed requesting that petitioner be held for the State of Washington to answer several charges against him in that state. Among these charges were an escape from prison charge, an armed robbery charge, a burglary charge, and a request for petitioner's return to the State of Washington to serve an unexpired prison sentence. After receiving notice that the detainers had been filed against him, petitioner made a request for a speedy trial pursuant to SDCL 23–24A, otherwise known as the Interstate Agreement on Detainers Act (IAD). No action was taken by the State of Washington to return petitioner to that state for trial as is required by the IAD.

Petitioner was discharged from the South Dakota Penitentiary on April 13, 1978. He was then arrested upon an extradition warrant signed by Governor Richard F. Kneip pursuant to a request from the Governor of Washington that petitioner be returned to Washington to serve the remainder of his unserved prison term. A hearing was held in magistrate's court, following which the magistrate determined that the IAD did not

apply to petitioner and ordered that petitioner be turned over to the sheriff for delivery to officials from the State of Washington. Petitioner then applied to the circuit court for a writ of habeas corpus. Following a hearing, issuance of the writ was denied, and this appeal ensued.

The state argues, and the lower court found, that the IAD does not apply to petitioner. This argument is based on SDCL 23–24A–1, which provides:

> The party states find that charges outstanding against a prisoner, detainers based on *untried* indictments, informations or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the *expeditious and orderly disposition of such charges* and determination of the proper status of any and all detainers based on *untried* indictments, informations or complaints. The party states also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of co-operative procedures. It is the further purpose of this agreement to provide such co-operative procedures. (emphasis supplied)

Similar language is found in SDCL 23–24A–3. The state urges that a plain reading of the statute reveals that the Act is directed only towards the prompt and orderly disposition of untried charges brought against a person currently in confinement.

The state then concludes that since the only currently valid request from the State of Washington deals with a charge upon which petitioner has been found guilty and sentenced, there are no untried charges outstanding.

■■ We conclude that the state's contention is correct. A major purpose of the IAD is to minimize the interference with a prisoner's treatment and rehabilitation that results when a prisoner has detainers based on untried charges filed against him during the course of his imprisonment. *State v. Looze*, S.D., 273 N.W.2d 177; *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329; *United States v. Dobson*, 3 Cir., 585 F.2d 55. The extradition order is not based upon an untried charge within the meaning of the Act, but upon a request that petitioner be returned to Washington to complete a prison term based on charges that have already been fully tried. Thus we conclude that the IAD does not apply to petitioner in the circumstances here presented.*

The judgment of the circuit court is affirmed.

MORGAN, HENDERSON and FOSHEIM, JJ., concur.

DUNN, J., deeming himself disqualified, did not participate.

---

\* Petitioner relies upon *Thomlinson v. Liburdi*, 34 Conn.Sup. 128, 380 A.2d 105, in support of his contention that the IAD is applicable to his case. We do not find that decision to be persuasive.