**Jerry Leo BUSH, Petitioner and Appellant,**

v.

**Arthur L. CANARY, the duly appointed, qualified and Acting Director of the Board of Pardons and Paroles, and the Board of Pardons and Paroles, Respondent.**

No. 12687.

Supreme Court of South Dakota.

Submitted on Briefs Sept. 19, 1979.

Decided Dec. 28, 1979.

---

Michael A. Lyons, Sioux Falls, for petitioner and appellant.

Michael V. Black, Asst. Atty. Gen., Pierre, for respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

MORGAN, Justice.

Appellant Bush was convicted in South Dakota in 1960 of various felony offenses and sentenced for life to the state penitentiary. He was released on parole in April of 1974. In April of 1975, he was convicted in Colorado of kidnapping and received an indeterminate sentence of zero to ten years. In July of 1975, while appellant was incarcerated in the Colorado State Penitentiary, the South Dakota Board of Pardons and Paroles (respondent) lodged a warrant of detainer against him alleging a parole violation. Respondent did not execute the warrant or conduct a parole revocation hearing. In June of 1978, appellant petitioned the circuit court for an order to show cause why respondent should not be required to release the warrant lodged against him with the State of Colorado. He appeals from the judgment of the trial court denying his request. We affirm.

Appellant contends he was denied due process in contravention of the constitutions of the United States and South Dakota by respondent's failure to afford him a revocation hearing immediately after the warrant of detainer was issued.[1] Appellant's argument is premised on the holding in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), that a parolee has a liberty interest protected by the Fourteenth Amendment which cannot be eviscerated without affording him a parole revocation hearing within a reasonable time after he is taken into custody. However, respondent's argument that the rationale in *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), disposes of appellant's contention is persuasive.[2]

In *Moody*, the United States Board of Parole lodged a warrant of detainer against a federal parolee who was imprisoned in a federal institution for a subsequent offense. The Board did not execute the warrant or grant the parolee a revocation hearing. The Court addressed the issue of whether the *Morrissey* decision required a revocation hearing to be held before the parolee could be taken into custody as a parole violator. The Court held that an immediate hearing is not constitutionally required. According to the Court, the loss of liberty which triggers considerations of due process does not occur when a warrant of detainer is merely lodged with an institution. This is illustrated in the instant case by the fact that the unexecuted warrant lodged by respondent with the Colorado authorities has absolutely no bearing on appellant's loss of liberty. Appellant's present incarceration was brought about solely because of his Colorado kidnapping conviction and is unaffected by the fact that the conviction also constitutes a violation of his parole in South Dakota. Due process will attach and a revocation hearing will be required only when the warrant is executed and custody of appellant is obtained by the South Dakota authorities pursuant to the warrant. *Moody v. Daggett*, supra. "Issuance of the warrant and notice of that fact to the institution of confinement did no more than express the Board's intent to defer consideration of parole revocation to a later time." 429 U.S. at 86, 97 S.Ct. at 278, 50 L.Ed.2d at 243–4.

Appellant also argues that the failure to grant him an immediate revocation hearing violates due process because: (1) Mitigating evidence is lost by deferring revocation hearings; (2) his opportunity to serve the sentences concurrently is lost; and (3) it deprives him of an opportunity for prison privileges in the Colorado institution which are geared toward rehabilitation. Under

---

1. The Interstate Agreement on Detainers Act (SDCL 23–24A) is not applicable to detainers lodged for parole violations. *See Robison v. State*, 278 N.W.2d 463 (S.D.1979).

2. We are not concerned here with the preliminary hearing which is required by *Morrissey* when a parolee is arrested for a parole violation. "This is so both because the subsequent conviction obviously gives the parole authority

'probable cause or reasonable ground to believe that the . . . parolee has committed acts that would constitute a violation of parole conditions,' (citation omitted) and because issuance of the warrant does not immediately deprive the parolee of liberty." *Moody v. Daggett*, 429 U.S. 78, 86, 97 S.Ct. 274, 278, 50 L.Ed.2d 236, 243 (1976).

nearly identical circumstances, similar contentions were rejected in *Moody, Caruso v. United States Board of Parole*, 570 F.2d 1150 (3rd Cir. 1978), *cert. denied*, 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978), and *Anglian v. Sowders*, 566 S.W.2d 789 (Ky.1978). As previously noted, the *Moody* case dealt with a federal warrant of detainer lodged with a federal institution. In *Caruso*, a federal warrant was lodged with state prison authorities. In *Anglian*, a state warrant was lodged with federal prison authorities. We find the reasoning used in these cases to be sound and conclude that it should be extended to apply to the case at bar.

■ With regard to the first argument, we note that appellant makes no claim that additional evidence actually exists which might be vitiated by a delay. We are unable, therefore, to perceive of any danger to the preservation of mitigating evidence which might result from the delay. Consequently, we conclude, as did the courts in *Moody, Caruso*, and *Anglian*, that appellant's purely hypothetical argument is without merit.

■ Appellant's second contention fails because the matter of granting credit to a parolee for time served in another jurisdiction is within respondent's discretion. Parolees have no constitutional right to receive concurrent sentences. *See, Moody v. Daggett*, 429 U.S. at 87–8, 97 S.Ct. at 279, 50 L.Ed.2d at 244. Neither has South Dakota, by statute or otherwise, conferred such a right upon parolees. Moreover, appellant is not deprived of the opportunity as he claims since respondent has the authority to grant appellant a retroactive credit for the time served in Colorado and may even decide not to revoke appellant's parole notwithstanding the Colorado conviction. Respondent's decision in this regard, however, is purely discretionary and appellant has no right to demand that respondent be ordered to decide at this time what action it will take. Cf. 429 U.S. at 88, 97 S.Ct. at 279, 50 L.Ed.2d at 244.

■ With respect to the third contention, the Supreme Court in *Moody* observed that state action which carries adverse consequences for prison inmates does not automatically give rise to a due process right. 429 U.S. at 88, 97 S.Ct. at 279, 50 L.Ed.2d at 244. *See also, Caruso*, supra at 1155. The fact that the warrant of detainer may preclude appellant from obtaining prison privileges does not change the fact that the criteria for granting or denying such privileges is with the discretion of the prison officials. Furthermore, even if the withholding of rehabilitative programs because of a detainer did constitute a deprivation of a liberty interest, the proper remedy is to challenge the reasonableness of the prison regulations rather than the failure to hold a prompt revocation hearing. *See Anglian*, supra at 791; *Caruso*, supra at 1155.

Accordingly, the judgment of the trial court is affirmed.

All the Justices concur.