[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition, in two counts, requesting habeas corpus relief by way of nullification of an out-of-state detainer lodged against the petitioner who is presently serving a prison term in Connecticut.
The petitioner was convicted in New York of possession of narcotics with intent to sell and, on August 9, 1989, began serving a two and one-half year to five year term for said offense. The petitioner was eventually placed in a work release program. On October 31, 1991, while on furlough, the petitioner was arrested CT Page 1247 and incarcerated in Connecticut for possession of narcotics with intent to sell. Subsequently, he was convicted of this charge, for which he is currently confined serving a four year prison term.
Authorities from the New York corrections department have lodged a detainer with Connecticut authorities requesting that the petitioner not be released upon completion of his Connecticut sentence but instead be returned to the custody of New York correction officials (Respondent's Exhibits 1, 2, and 3). Upon receipt of the detainer documents, the manager of the Interstate Agreement on Detainers (IAD) compact for the Connecticut Department of Corrections, Lynn Milling, observed the following note on one of the documents:
"Absconding from temporary release is a felony under Penal Law Section 205.17."
Because of the possibility that New York officials might be requesting detention of the petitioner for prosecution of an offense akin to escape in New York, on January 7, 1993, Milling initiated the notification process required under the. Connecticut IAD found in General Statutes 54-186, et seq. (Petitioner's Exhibits B and C). In response to this notification, on January 12, 1993, the petitioner submitted a "Form 2" requesting that he be returned to New York to dispose of any pending indictments, informations or complaints (Petitioner's Exhibit C).
After receipt of the Form 2, New York corrections officials sent a letter, dated February 10, 1993, to the Connecticut Department of Corrections specifying that the subject matter of their detainer was not the pursuit of a new charge of escape against the petitioner but rather the detainer pertained to the eventual return of the petitioner to New York to complete service of the unserved portion of his New York sentence. (Respondent's Exhibit 4). This letter engendered more correspondence between Connecticut and New York corrections officials further clarifying the purpose of the detainer (Respondent's Exhibits 5, 6, and 7).
The petitioner asserts that the New York authorities have violated the provisions of the IAD, and, consequently, the detainer must be deemed ineffectual. The respondent replies that the detainer as lodged in this case falls outside the ambit of the IAD and is valid. The court agrees with the respondent's position.
The court finds that, despite the initial misinterpretation by CT Page 1248 the Connecticut authorities regarding the purport of the detainer, the detainer was intended to and does request that the petitioner be detained to face eventual return to New York to complete service of the unexpired portion of his New York sentence. While it is true that the earliest written communication from New York to Connecticut regarding this issue, dated January 6, 1992, states that a New York Department of Corrections warrant exists charging the petitioner with "absconding in the first degree," it also states that the petitioner "is a sentenced New York State prisoner and should not be released on bail." (Respondent's Exhibit 1). Later communications reiterate the theme that New York authorities are requesting the petitioner's detention and return in order to enforce service of the unexpired prison sentence in New York (Respondent's Exhibit 4 and 5). The court finds that the initial action of the Connecticut corrections authorities in treating the detainer as coming within the purview of the IAD was understandable but erroneous.
Thus, the present case is distinguishable from Thomlinson v. Liburdi, 34 Conn. Sup. 128 (1977), which found that the detainer lodged in that case pertained to an untried charge of escape as opposed to the completion of the service of an interrupted out-of-state sentence, Ibid, p. 134. It should be noted that the holding of Thomlinson v. Liburdi, supra, was overruled, sub silentio, in Narel v. Liburdi, 185 Conn. 562 (1981), p. 572.
With this factual determination the issue becomes whether a detainer lodged by another state against a Connecticut inmate for the purpose of securing that inmate's custody to complete service of an out-of-state sentence must comply with the provisions of the IAD to maintain vitality. An extensive survey of cases dealing with this topic is found in 98 A.L.R.3d 160 5[c]. This article notes, at p. 183, that the IAD "has been held inapplicable in a number of cases in which it was determined that detainers were not based on untried charges."
One such case is Robinson v. South Dakota, 278 N.W.2d 463
(S.D. 1979), which held, at p. 464, on facts similar to those of the instant case, that the IAD is inapplicable where the request is to return a prisoner to complete a prison term based on charges that have already been fully tried.
Another illustrative case is Kiendra v. Hadden, 763 F.2d 69
(CA2 1985). In that case a federal habeas petitioner had been convicted of a federal crime in the United States District Court in CT Page 1249 Rhode Island. He received a sentence, but the federal sentence was to commence after the completion of a state prison term he was then serving. The prisoner completed that state sentence, but the federal marshals declined to acquire custody at that time. The prisoner was subsequently incarcerated as a result of new state charges, and he filed a request for speedy disposition of the federal claim under the IAD. Once again the federal authorities declined to respond. After his release from state confinement, federal authorities apprehended him. The federal habeas court dismissed his petition, and this dismissal was affirmed on appeal.
The Court of Appeals held, at p. 71, that the "district court correctly rejected [the] assertion that the federal authorities were holding [the petitioner] in violation of the IADA." The Court also found that the "terms of the IADA apply only when a person is serving a prison term and a detainer from another jurisdiction has been lodged against the prisoner on the basis of `any untried indictment, information, or complaint,'" Ibid. Finally, the Court of Appeals observed "[s]ince the federal marshals lodged their detainer . . . on the basis of the district court's judgment and order of commitment, and not on an untried matter, the IADA affords . . . no relief," Ibid.
The court holds that the detainer lodged by the authorities of New York in the case sub judice falls outside the purview of the IAD because it pertains to a matter other than charges arising from an untried indictment, information, or complaint as required by General Statutes 54-186 Article III (a). Because the only basis for the alleged voidability of the detainer, is the failure to comport with the provisions of the IAD, the petitioner has failed to meet his burden of proving the allegations he has set forth in the petition.
Therefore, the petition is dismissed.
Sferrazza, J.