[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
This action is a petition seeking habeas corpus relief by way of nullification of an out-of-state detainer lodged against the petitioner who is presently serving a prison term in Connecticut. CT Page 4777
The parties have stipulated to the pertinent facts surrounding the controversy in this case. These facts are as follows:
The petitioner is held and confined by the respondents pursuant to a mittimus issued by the Superior Court, Judicial District of New Haven May 8, 1981 for a period of confinement of not less than twenty-three (23) years nor more than Life, for the crime of Murder. [Connecticut v. Parker], No. CR6-179454.
On or about August 25, 1981, the respondents were advised by the Cuyahoga County, Ohio Sheriff's Department that the petitioner was wanted for prosecution for the crimes of Aggravated Burglary, Aggravated Robbery and Kidnapping and requested to lodge the charges against the petitioner as a detainer.
On or about August 25, 1981, upon notice, the petitioner invoked his rights under Article III of the Interstate Agreement on Detainers, and notified the court and prosecuting authorities in Cuyahoga County, Ohio of his place of confinement and of his desire to return to Ohio to dispose of the criminal charges against him.
The respondents certified to Ohio the details of petitioner's Connecticut confinement and offered Ohio temporary custody of the petitioner for the purpose of disposing of the outstanding untried criminal charges, pursuant to the Interstate Agreement on detainers.
On or about October 28, 1981, the petitioner was delivered to the temporary custody of Ohio for disposition of the criminal charges in Cuyahoga County.
On or about November 12, 1981, the petitioner pleaded guilty to charges of Aggravated Burglary and Aggravated Robbery.
The plea was accepted and the petitioner was convicted and sentenced in the Court of Common Pleas, within and for the County of Cuyahoga and State of Ohio, on November 12, 1981, in [State of Ohio v. William Parker, Jr.], No. CR 52384 B, for a term of confinement of not less than four (4) years nor more than twenty-five (25) years for the crimes of CT Page 4778 Aggravated Burglary and Aggravated Robbery, the court reciting, "to be served in the Summers State Penitentiary (sic), New Haven, Conn., concurrently with the sentence of twenty-three (23) years to no more than LIFE in Case CR 6-179-454."
The petitioner was subsequently returned to the custody of the respondents in the Connecticut Department of Correction.
From time to time between 1981 and the present, the petitioner and the respondents have been given conflicting information regarding Ohio's residual interest in the 4-25 year sentence and the existence or nonexistence of a detainer with respect to any balance of the Ohio sentence remaining.
There is some evidence that Connecticut authorities believed that, following the petitioner's return from Ohio, he was no longer wanted by that state.
On October 17, 1989, the respondents classified the petitioner at Security Level 4, with Security Level 5 being maximum security confinement and Security Level 1 being correctional supervision in the community.
On April 25, 1990, the respondents reviewed his classification and reclassified the petitioner to Security Level 3.
From June 16, 1990 to November 4, 1992, the respondents allowed the petitioner to participate in various educational release and furlough programs operated by the Department of Correction.
On May 22, 1991, the respondents reviewed his classification and reclassified the petitioner to Security Level 2.
On or about June 1, 1993, the petitioner appeared before the Connecticut Board of Parole where his application for parole was continued indefinitely pending clarification of an Ohio detainer.
Pursuant to such detainer, if and when the petitioner is released from confinement on the Connecticut sentence, the respondents will notify the Sheriff of Cuyahoga County, Cleveland, Ohio that he is ready for transfer and will transfer the petitioner to authorized agents of the State of Ohio pursuant to the provisions of the Interstate Agreement on Detainers, CT Page 4779 General Statutes § 54-186, Article III (e).
On July 27, 1993 the respondents reviewed his classification and left the petitioner at Security Level 2.
The amended petition contains two counts which allege that the Ohio detainer is void and its continued presence in the petitioner's prison records constitutes a violation of petitioner's constitutional right to due process of law and his right against cruel and unusual punishment. The gravamen of these claims is that the Ohio detainer is invalid because it falls outside the purview of the Interstate Agreement on Detainers (IAD), General Statutes §§ 54-186 through 54-192.
The respondent counters that, although the detainer in question does fall outside the ambit of the IAD, that fact alone does not invalidate the detainer. The court agrees with the respondent.
The express language of Article III (a) of the IAD dictates that the IAD applies only to detainers which are lodged against inmates serving a Connecticut sentence which detainers arise out of an "untried indictment, information or complaint" in another party state. The Ohio detainer lodged against the petitioner is not such a detainer. The Ohio detainer is a [post-conviction] detainer indicating that an unserved sentence has been imposed on the petitioner for his Ohio conviction. Both the petitioner and the respondent agree that the IAD is inapplicable. The petitioner's legal argument is apparently based on the premise that the only valid detainer is one which falls within the jurisdiction of the IAD. This premise is erroneous.
The class of detainers which come under the purview of the IAD is but a subset of the larger set of all detainers. The IAD governs only those detainers which are lodged to notify prison officials in one state that they have in their custody an inmate who has unlitigated criminal charges pending in another state Examples of detainers for which the IAD has no application are found in 98 A.L.R.3d 160 § 5 [c], and these include detainers arising out of parole and probation violations and unserved sentences. See e.g. [Robinson v. SouthDakota], 278 N.W.2d 463, 464 (S.D. 1979), and [Kiendra v. Hadden], 763 F.2d 69 (CA. 2 1985). The fact that a detainer is outside the provisions of the IAD does not render such a detainer void. CT Page 4780
A detainer is a notice by an agency having criminal jurisdiction to correction officials holding an inmate that that inmate is wanted by that agency and a request to hold that inmate or to notify the agency that the inmate's release is imminent, [Carchman v. Nash], 473 U.S. 716, n. 2 (1985). In the present case, the petitioner received a twenty-three year to life sentence in Connecticut on May 8, 1981. On November 12, 1981, the petitioner also received a four year to twenty-five year prison sentence in Ohio, concurrent. It is possible that the petitioner may be paroled, pardoned, discharged, or released from his Connecticut sentence before completing service of his concurrent, Ohio sentence. Ohio authorities have the right to lodge a detainer to insure that, if such an eventuality occurs, the petitioner will be returned to Ohio to finish serving the Ohio sentence. The possibility that the Ohio sentence may be entirely served while the petitioner remains incarcerated in Connecticut does not invalidate Ohio's claim.
Because the petitioner's constitutional claims are based on the illegitimacy of the Ohio detainer, which the court has found to be legitimate, the petition is dismissed.
Sferrazza, J.