Larry O'CONNER; and Geraldine Glass, Appellants,

v.

Robert A. SCHNEIDER, Appellee.

No. 2000–CA–001480–MR.

Court of Appeals of Kentucky.

Sept. 26, 2003.

Keith Hardison, Frankfort, KY, for appellant.

Robert A. Schneider, Eddyville, pro se.

Before DYCHE, JOHNSON, and McANULTY, Judges.

## OPINION

JOHNSON, Judge.

Larry O'Conner, the Offender Information Supervisor for the Kentucky Department of Corrections (KDOC), and Geraldine Glass, the Offender Records Administrator for the KDOC, have appealed from an order entered by the Franklin Circuit Court on May 15, 2000, which ordered them to credit Robert A. Schneider with 730 days toward the completion of his Kentucky prison sentences for the time he served in an Ohio corrections facility on Ohio convictions. Having concluded that the circuit court erred by granting Schneider such credit, we reverse and remand.

On February 24, 1992, following Schneider's guilty plea to the felony charges of burglary in the third degree [1] and receiving stolen property over $100.00,[2] he was sentenced by the Kenton Circuit Court to two, five-year prison sentences to run concurrently. The sentences were probated for a period of five years, but Schneider's probation was subsequently revoked on February 23, 1993, and he was ordered to serve the two, five-year sentences concurrently. On March 9, 1994, following Schneider's guilty plea to the felony charge of escape in the second degree,[3] he was sentenced by the Fayette Circuit Court to a one-year prison sentence, which was ordered to run consecu-

tively with his prior sentences. On October 17, 1994, following Schneider's guilty plea to the felony charges of receiving stolen property over $300.00,[4] wanton endangerment in the first degree,[5] and two counts of criminal possession of a forged instrument in the second degree,[6] he was sentenced by the Kenton Circuit Court to four, five-year prison sentences to run concurrently with each other, but consecutively with his prior sentences. To summarize, as of October 17, 1994, Schneider had received Kentucky sentences requiring him to serve 11 years in prison.

Schneider was granted parole from prison on May 24, 1996. On November 14, 1996, a preliminary parole revocation hearing was held, and the parole board made a finding that Schneider had violated the terms of his parole. Following the hearing Schneider was placed in a holding cell, but he escaped later that day.

Just three days later, on November 17, 1996, Schneider was arrested in Cincinnati, Ohio, on new felony charges. On January 2, 1997, following Schneider's guilty plea to charges of failing to comply with an order or signal of a police officer with a gun specification,[7] having weapons while under a disability,[8] and carrying concealed weapons,[9] he was sentenced by the Hamilton County (Ohio) Court of Common Pleas to three, one-year prison sentences to run concurrently with each other. However, Schneider's conviction with gun specification resulted in him receiving an additional

---

1.  Kentucky Revised Statutes (KRS) 511.040.

2.  KRS 514.110. The current version of the statute provides that the offense is a Class D felony when the value of the property is $300.00 or more.

3.  KRS 520.030.

4.  KRS 514.110.

5.  KRS 508.060.

6.  KRS 516.060.

7.  Ohio Revised Code (ORC) 2921.331.

8.  ORC 2923.13.

9.  ORC 2923.12.

one-year sentence that the trial court ordered to run consecutively with the other three sentences, for a total Ohio sentence of two years. The Ohio trial court also stated that Schneider's Ohio sentences were to "run concurrently to any sentence now being served or to be served in the State of Kentucky." Schneider was then confined in an Ohio corrections facility and began serving his two-year Ohio sentences.

On September 23, 1997, a jury in Kenton Circuit Court found Schneider guilty of escape in the second degree [10] and as being a persistent felony offender in the first degree (PFO I).[11] On October 10, 1997, the Kenton Circuit Court followed the jury's recommendation and sentenced Schneider to prison for ten years as a PFO I, as an enhancement of a 2½–year–sentence for the escape conviction. The trial court ordered this ten-year sentence to run consecutively with Schneider's prior Kentucky prison sentences, which totaled 11 years, thereby giving Schneider Kentucky prison sentences totaling 21 years.

After Schneider was sentenced in Kenton Circuit Court, he was returned to Ohio to finish serving his two-year sentence on the Ohio convictions. On November 17, 1998, after Schneider completed his prison term in Ohio, he was returned to Kentucky and confined in the Kenton County Jail pending his transfer to a designated correctional facility. On January 6, 1999, Schneider was transferred to the correctional complex in LaGrange, Kentucky. When the KDOC calculated Schneider's time to be served in Kentucky, it gave Schneider no credit toward the completion of his Kentucky sentences for the two

years he had served in Ohio for his Ohio sentences.

On March 30, 2000, Schneider filed a *pro se* petition for a writ of mandamus in Franklin Circuit Court. Schneider claimed that the time he served in prison in Ohio should be credited toward the completion of the Kentucky sentences, which totaled 21 years. On May 15, 2000, the circuit court agreed with Schneider and ordered that he be given credit for 730 days toward the completion of his Kentucky sentences. This appeal followed.[12]

The appellants argue that the circuit court erred as a matter of law when it ordered the KDOC to give Schneider 730 days credit toward the completion of his Kentucky sentences for the time he served in Ohio pursuant to the Ohio sentences. We agree.

■ The facts of *Kassulke* are similar to facts of the case at bar. Cynthia Briscoe–Wade was on parole from a ten-year Kentucky prison sentence when she was convicted of a felony in Missouri. A Missouri trial court sentenced Briscoe–Wade to prison for five years for that conviction and ordered the sentence to run concurrently with her prior sentence in Kentucky. After serving 21 months in prison in Missouri, Briscoe–Wade was returned to Kentucky. Briscoe–Wade sought habeas corpus relief in Shelby Circuit Court, arguing that the time she served in Missouri should be credited toward the completion of her prior Kentucky sentence. In reversing this Court, which had affirmed the Shelby Circuit Court's order that such credit be given, our Supreme Court stated:

---

**10.** KRS 520.030.

**11.** KRS 532.080(3).

**12.** On February 26, 2001, we granted the appellants' motion to hold this appeal in abeyance pending the final disposition by our Su-

preme Court of *Kassulke v. Briscoe–Wade*, Ky., 105 S.W.3d 403 (2003). The decision in *Kassulke* was rendered on March 20, 2003, it became final on June 12, 2003, and we granted the parties leave to file supplemental briefs.

[W]e hold that, under KRS 439.344, KDOC properly denied custody credit to [Briscoe–Wade] for the time she spent incarcerated in Missouri. KRS 439.344 states that [t]he period of time spent on parole shall not count as part of a prisoner's maximum sentence except in determining parolee's eligibility for a final discharge from parole as set out in KRS 439.354. Our predecessor applied this provision as written and, in an opinion addressing a statutory predecessor to KRS 439.344 that granted the Parole Board discretion as to whether the period of time spent on parole was to be credited towards the underlying sentence, the Court was persuaded by the view that time served by the appellant in a federal prison while technically on parole from the state penitentiary ... should not be considered as creditable parole time. As [Briscoe–Wade's] parole was not revoked until after she was returned to Kentucky, the time she spent incarcerated in Missouri under her Missouri sentence, but on parole, did not count towards her Kentucky sentence [footnotes omitted].[13]

Similarly, Schneider was on parole when he was arrested and subsequently convicted of felony charges in Ohio. Since Schneider's parole was not revoked until August 13, 1997, pursuant to *Kassulke* and the statutes applied therein, the time Schneider spent incarcerated in Ohio, beginning on the date he was arrested on November 17, 1996, up until the time his parole was revoked on August 13, 1997, does not count toward the completion of his Kentucky sentences.

We also hold that Schneider is not entitled to credit toward the completion of his Kentucky sentences for any time served in Ohio *after* his parole was revoked on August 13, 1997. In *Anglian v. Sowders,*[14] this Court stated:

Accepting for the sake of argument that an opportunity to serve sentences [imposed by separate sovereigns] concurrently involves a constitutionally protected liberty interest, the action of the parole board did nothing to deprive the appellant-petitioner of such an opportunity since he had none. If the parole board had chosen to hold an immediate hearing and had revoked parole, then under KRS 439.430(3) appellant-petitioner would have still been deemed a fugitive from justice until he could be taken into custody under the parole violation warrant and it was not possible to take him into custody under that warrant so long as he remained within the custody of the federal authorities.

Although the issue presented in *Anglian* was slightly different than the issue currently before us, *Anglian* stands for the proposition that before a parolee can be given credit for time served on a Kentucky sentence after his parole has been revoked, the parolee must be within the *custody* of Kentucky. In the instant case, from the time Schneider was arrested in Ohio on November 17, 1996, up until the time he completed his two-year Ohio sentences, Schneider was at all times within the custody of Ohio pursuant to the Interstate Agreement on Detainers.[15] Therefore, even though Schneider served approximately one-half of his Ohio sen-

---

13. *Kassulke,* 105 S.W.3d at 408.

14. Ky.App., 566 S.W.2d 789, 790–91 (1978).

15. *See Houston v. Commonwealth,* Ky.App., 641 S.W.2d 42, 45 (1982) (holding that under the Interstate Agreement on Detainers, an Indiana prisoner held in a Kentucky jail while facing charges in Kentucky remained "in the custody of" Indiana, and was therefore not entitled to credit on his Kentucky sentence for his time served in the Kentucky jail).

tences after his parole in Kentucky had been revoked, Schneider was not entitled to have that time applied toward his Kentucky sentences since he remained within the custody of Ohio. Accordingly, Schneider was not entitled to have any of the time served on his Ohio sentences applied toward the completion of his Kentucky sentences.

The Ohio trial courts order that Schneider's Ohio sentences were to run concurrently with his Kentucky sentences has no effect upon the running of the Kentucky sentences. In *Kassulke, supra,* Briscoe–Wade argued that since the Missouri trial court had ordered her Missouri sentence to run concurrently with her Kentucky sentence, she was thus entitled to have the time she spent incarcerated in Missouri credited toward the completion of her Kentucky sentence. Our Supreme Court rejected this argument, stating:

> [T]he only way that the Missouri trial court's order for a concurrent sentence could have been given its intended effect was if Missouri tendered, and Kentucky accepted, custody of [Briscoe–Wade]. Kentucky and Missouri are separate sovereigns, and Kentucky is not required to extend any full faith and credit to Missouri's decision to run its sentence concurrently—i.e., Kentucky could ren-

der the sentences de facto consecutive by refusing to accept transfer of custody—and, accordingly, Kentucky cannot be required to give full faith and credit to Missouri's order by applying [Briscoe–Wade's] custody credit from Missouri against her Kentucky sentence [footnotes omitted].[16]

■ Similarly, while the Ohio trial court had the authority to order Schneider's Ohio sentences to run concurrently with his Kentucky sentences, the Ohio court order does not require Kentucky to run Schneider's Kentucky sentences concurrently with his Ohio sentences. Therefore, Schneider was not entitled to have any of the time served under his Ohio sentences applied toward the completion of his Kentucky sentences.

Accordingly, we reverse the order of the Franklin Circuit Court and remand this matter for further proceedings consistent with this Opinion.

ALL CONCUR.

---

16. *Kassulke,* 105 S.W.3d at 409–10.