Lawrence Earl **HANEY**, Appellant,

v.

**John W. WINGO, Warden, Kentucky State Penitentiary, Eddyville, Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 1, 1970.

Lawrence Earl Haney, pro se.

John Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Lawrence Earl Haney, who is confined in the state penitentiary serving a three-year sentence for forgery imposed on March 21, 1969, filed a habeas corpus petition in the Lyon Circuit Court, against the warden of the penitentiary, seeking that he be given credit on his sentence for 193 days during which he was confined in jail in Texas. (He did not seek immediate release from confinement, because even with the credit his sentence would not yet have expired.) The circuit court entered judgment dismissing the petition, from which judgment Haney has appealed to this court.

Haney claims that he is entitled to credit under KRS 431.155 for the time he spent in jail in Texas. He alleged in his petition that he was held in jail in Texas under a fugitive warrant from Kentucky. However, records attached as exhibits to the response to the petition showed that his jail confinement in Texas was under a charge of a *Texas offense*, for which he was tried and convicted, but which conviction was reversed on appeal; that he then was released to Kentucky authorities under a "hold" order from Kentucky. The records showed conclusively that his confinement in Texas was not as a result of the charge upon which he later was convicted in Kentucky.

The statute, KRS 431.155, provides for credit on a sentence for time spent in jail prior to the commencement of the sentence "as a result of the charge that culminated in the sentence." The statute does not entitle Haney to credit for the time he spent in jail in Texas on the Texas charge.

It is our opinion that the circuit court correctly dismissed Haney's petition. (We pass the question of whether habeas corpus was an appropriate form of remedy, considering that immediate release from custody was not sought.)

Haney argues that his rights were violated in the circuit court's refusal to appoint counsel for him in the habeas

corpus proceeding. There is no merit in this contention because appointment of counsel is not required in a habeas corpus proceeding. Ross v. Wingo, Ky., 433 S.W. 2d 137.

The judgment is affirmed.

All concur.