**Fred WALLACE, Appellant,**

v.

**John W. WINGO, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

May 1, 1970.

Fred Wallace, pro se.

John B. Breckinridge, Atty. Gen., Frankfort, James Barr, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

.This is a habeas corpus proceeding in which relief was denied by the circuit court.

The record shows appellant was convicted in 1967 of several offenses and sentenced to serve a total of two years in the penitentiary. He was paroled but about a year later he was tried and convicted of another crime and was given a three-year sentence, to be served *consecutively* with any old sentences. He takes the peculiar position that the three-year sentence is void because the authorities are not permitting him to serve out his old sentences prior to serving the three-year sentence. He is apparently under some misapprehension.

KRS 439.352 provides:

"Recommitment of a parolee to a prison on a new sentence received for commission of a crime while on parole shall automatically terminate his parole status on any sentence on which he has not received a final discharge, or a restoration of civil rights, prior to the date of recommitment. The prisoner shall, at the time of the recommitment on the new sentence, begin to accrue additional time credit toward conditional release or expiration of sentence on the sentence on which he had previously been paroled unless he has been finally discharged from parole on the sentence or has been restored to civil rights prior to the date of the recommitment."

Under this statute as a parole violator his present incarceration constitutes serving his prior sentences (totaling two years), after which he will have to serve his three-

year sentence. His only contention is that the authorities are attempting to make him serve his three-year sentence first. He is mistaken about this and his petition fails to disclose any semblance of a ground upon which his three-year sentence is void or his present incarceration is unlawful. Obviously he was not entitled to habeas corpus relief.

The judgment is affirmed.

All concur.