William E. MYRICK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 26, 1970.

**690**

---

William E. Myrick, pro se.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

This is a proceeding under CR 60.02 to have the circuit court correct a criminal sentence imposed on appellant. Disregarding the questionable propriety of this procedure, the trial court after hearing properly declined to grant any relief.

In 1967 appellant was convicted of a crime and sentenced to two years in the penitentiary. He was subsequently paroled. In 1969 he was convicted of another crime and was sentenced to two years in prison. The judgment provided that this sentence be served *consecutively* to any prior sentences appellant was required to serve. Appellant contends that this judgment had the effect of "stopping" the sentence on which he had been paroled and the authorities were requiring him to serve the last sentence before getting any credit on his earlier sentence.

KRS 439.352 provides that upon recommitment on a new sentence the prisoner shall begin to accrue additional time credit on the sentence on which he previously had been paroled. Appellant contends that by virtue of this statute the old and new sentences must run concurrently. In substance he states that if he had one year to serve on a paroled sentence and was given a new one-year sentence for a different crime, he would satisfy both sentences by serving one year. While this may be an acceptable interpretation of this somewhat confusing statute, in our opinion RCr 11.04 authorizes the judge imposing the new sentence to direct that it be served *consecutively* to the old sentence. That is what was done in the present case. Cf. Wallace v. Wingo, Ky., 453 S.W.2d 557 (decided May 1, 1970). The judgment did not have the effect insisted on by appellant, and we find no reversible error.

The judgment is affirmed.

All concur.