Mark Allen ROSENBERG, Appellant,

v.

Karen DEFEW, et al., Appellees.

No. 92–CA–00405–MR.

Court of Appeals of Kentucky.

July 30, 1993.

---

Mark Allen Rosenberg, pro se.

Suzanne D. Cordery, Corrections Cabinet, Frankfort, for appellee.

Before DYCHE, JOHNSON and SCHRODER, JJ.

JOHNSON, Judge.

The basic issue in this case is whether a Kentucky parolee who commits a crime and serves a prison sentence in another state is entitled to have that prison time credited against his Kentucky sentence. Mark Allen Rosenberg is in the custody of the Kentucky Corrections Cabinet. His eleven-year sentence for various offenses has been served in two parts. The first part was from October 1979 to August 1982. This period was followed by Rosenberg's parole and move to California. In that state he committed a burglary, was promptly arrested, and incarcerated from September 1982 until August 1984. The second part of Rosenberg's Kentucky sentence began in August 1984 and has not yet been completed. He appeals from a trial court order denying him a writ of mandamus against the Cabinet.

Rosenberg contends that the Cabinet should credit his Kentucky sentence with his time served in California. He bases his argument on KRS 439.352, which states:

> Recommitment of a parolee to prison on a new sentence received for commission of a crime while on parole shall automatically terminate his parole status on any sentence on which he has not received a final discharge, or a restoration of civil rights, prior to the date of recommitment. The prisoner shall, at the time of the recommitment on the new sentence, begin to accrue additional time credit toward conditional release or expiration of sentence on the sentence on which he had previously been paroled unless he has been finally discharged from parole on the sentence or has been restored to civil rights prior to the date of the recommitment.

Some jurisdictions have accepted Rosenberg's argument that his Kentucky sentence should run concurrently with any time served in a foreign jurisdiction. *See* Thomas R. Trenkner, Annotation, *Right to Credit on State Sentence for Time Served Under Sentence of Court of Separate Jurisdiction Where State Court Fails to Specify in that Regard,* 90 A.L.R.3d 408 (1979); *but cf. Wallace v. Wingo,* Ky., 453 S.W.2d 557 (1970) (parolee who is convicted and sentenced in Kentucky must serve old and new sentences consecutively). The Cabinet argues that "prison" as used in KRS 439.352 means only Kentucky prisons.

More importantly, there is another statute, not cited by the parties, which refutes Rosenberg's arguments. KRS 533.060(2) states:

> (2) When a person has been convicted of a felony and is committed to a correctional facility maintained by the Department of Corrections and released on parole or has been released by the court on probation, shock probation, or conditional discharge, and is convicted or enters a plea of guilty to a felony committed while on parole, probation, shock probation, or conditional discharge, the person shall not be eligible for probation, shock probation, or conditional discharge and the period of confinement for that felony shall not run concurrently with any other sentence.

Insofar as KRS 439.352 supports Rosenberg's contention that his Kentucky sentence should have run concurrently with his California sentence, that statute is in direct conflict with KRS 533.060(2). In such a situation, the later statute controls. *Commonwealth v. Hunt,* Ky.App., 619 S.W.2d 733 (1981). KRS 439.352 was enacted in 1962, whereas KRS 533.060 was enacted in 1976. The latter statute requires that a parolee's sentence for crimes committed while on parole run consecutively to *any* other sentence. *Cf. Haney v. Wingo,* Ky., 453 S.W.2d 556 (1970); *Anglian v. Sowders,* Ky.App., 566 S.W.2d 789 (1978). Thus, the trial court did not err in denying relief to Rosenberg. We affirm its order.

All concur.