43 F.3d 1471
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert J. FAUNCE, Plaintiff-Appellant, Leonard F. Barker, et
al., Plaintiffs,
v.
CHESAPEAKE AND OHIO RAILROAD, also known as CSX
Transportation, Inc.; United Transportation
Union, Defendants-Appellees.
 No. 94-1384.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1994.
 
 Before MERRITT, Chief Judge, KEITH and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Robert J. Faunce, proceeding pro se, appeals a district court order on remand dismissing his amended complaint filed pursuant to Section 704 of the Regional Railroad Reorganization Act, 45 U.S.C. Sec. 797c. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Faunce and thirteen co-plaintiffs--all former employees of the defendant Chesapeake & Ohio Railroad (hereinafter "CSX")--sued their former employer and their labor union, United Transportation Union (the Union) for damages and injunctive relief. CSX filed a motion to dismiss the amended complaint as well as a separate motion to dismiss with prejudice as to plaintiff Faunce on the ground that he had signed a final release of all claims on January 1, 1990. In an order filed on October 30, 1990, as corrected on February 14, 1991, the district court dismissed the claims against the Union as barred by the statute of limitations, and dismissed the claims against CSX for lack of subject matter jurisdiction.
 
 
 3
 On appeal, a panel of this court affirmed the district court's order in part and vacated in part, remanding the case and directing that the district court refer the claims of the plaintiffs other than Faunce to an arbitrator pursuant to 45 U.S.C. Sec. 153. This court remanded Faunce's claim so that the district court might determine whether or not the release he executed was valid. "If it is valid, his claim will be considered settled and dismissed. If it is not valid, Faunce's claims must be dismissed for lack of jurisdiction." Barker v. Chesapeake & Ohio R.R., 959 F.2d 1361, 1370 (6th Cir.), cert. denied, 113 S.Ct. 603 (1992).
 
 
 4
 The district court, on remand, found that the release executed by Faunce was valid and dismissed his claim as settled in an order filed on March 4, 1994. In a separate order, issued the same day, the district court referred the claims of the other plaintiffs to the First Division of the National Railroad Adjustment Board (NRAB) for arbitration. Faunce filed a timely appeal.
 
 
 5
 In his appellate brief, Faunce asks this court to send his claim on to the NRAB along with the claims of the other plaintiffs, arguing that his attorneys failed to properly represent him before the district court. He also asserts an alleged error in the district court's 1990 order. Appellee CSX requests oral argument in its brief.
 
 
 6
 Upon review, we affirm the district court's order because that order complied with this court's instructions on remand and the district court did not err in finding that the release executed by Faunce is valid and bars his claim in this action. Federal law controls the issue of the validity of the release in this case because the source of the rights claimed is a federal statute. Maynard v. Durham & Southern Ry. Co., 365 U.S. 160, 161 (1961). As the person challenging the validity of the settlement and release, the burden of proof is on Faunce. See Callen v. Pennsylvania R.R. Co., 332 U.S. 625, 630 (1948). He has failed to sustain this burden. Thus, the district court did not err in finding the release valid and, in accordance with this court's instructions, dismissing Faunce's claim on the ground that it has been previously settled.
 
 
 7
 Faunce's argument that the district court's order should be reversed because of his attorneys' alleged failings is completely meritless. There is no constitutional right to effective assistance of counsel in a civil suit. See, e.g., Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991); Glick v. Henderson, 855 F.2d 536, 541 (8th Cir.1988); MacCuish v. United States, 844 F.2d 733, 735 (10th Cir.1988) (collecting cases). Consequently, litigants in a civil proceeding may not attach an adverse judgment on the grounds of ineffective assistance of trial counsel. See Friedman, 912 F.2d at 333. Instead, Faunce's sole remedy is a professional malpractice action filed against his attorneys. See Deppe v. Tripp, 863 F.2d 1356, 1365 (7th Cir.1988); Glick, 855 F.2d at 541.
 
 
 8
 Finally, the district court's 1990 order was reviewed by this court in its 1992 decision and is not subject to further review at this time.
 
 
 9
 Accordingly, we deny the request by CSX for oral argument. The district court's order, filed on March 4 and entered on March 8, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.