43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marion Paul ELDER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5431.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: MERRITT, Chief Judge; NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Elder appeals from an order denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Marion Paul Elder was convicted after a jury trial of one count of conspiracy to distribute and possession with intent to distribute over 100 kilograms of marijuana, in violation of 21 U.S.C. Sec. 846, and received a 97 month term of imprisonment. The Sixth Circuit affirmed the conviction and sentence on direct appeal. United States v. Bickett, Nos. 90-5710, etc., 1991 WL 175285 (6th Cir. Sept. 10, 1991) (per curiam), cert. denied, 112 S.Ct. 1222 and 1679 (1992).
 
 
 3
 In 1994, Elder filed a motion to vacate sentence under 28 U.S.C. Sec. 2255 in which he challenged the constitutionality of the 1990 conviction on three grounds. The government responded and the district court thereafter entered an order denying the relief sought. This appeal followed. The parties have briefed the issues; Elder is proceeding without benefit of counsel.
 
 
 4
 Elder was convicted for his part in an interstate scheme to grow, transport and sell marijuana. The Sixth Circuit affirmed the convictions of Elder and his two co-conspirators in a lengthy opinion discussing six main assignments of error as well as several sub-issues. Elder's motion to vacate is addressed to his conviction and his sentence and sets forth three grounds for relief: 1) Phrased in terms of an improper variance, this is actually an attack on the sufficiency of the evidence in support of the finding that Elder was part of a single conspiracy with his co-defendants; 2) His sentence was imposed in violation of ex post facto proscriptions as his involvement in the drug conspiracy ended no later than August 1987; and, 3) His sentence was imposed in violation of due process as the drug quantity calculations were not supported by a preponderance of the evidence. In addition, Elder notes that none of these claims was raised on direct appeal on advice of counsel. The government responded with a suggestion that all three claims had been waived and that two of the claims were not cognizable in a Sec. 2255 motion to vacate sentence under any circumstances.
 
 
 5
 The district court subsequently entered an order denying the motion in a summary fashion:
 
 
 6
 The defendant, Marion Paul Elder, having filed [sic] Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. Sec. 2255; the United States having responded thereto; and the Court being otherwise sufficiently advised,
 
 
 7
 IT IS HEREBY ORDERED that Defendant's motion is DENIED.
 
 
 8
 There are no contemporaneous findings of fact or conclusions of law accompanying this order nor is there any other indication of the basis for the district court's decision.
 
 
 9
 In dismissing a Sec. 2255 motion, unless the record conclusively shows that the movant is not entitled to relief, the court should made findings and conclusions so that review of the merits on appeal is possible. See United States v. Edwards, 711 F.2d 633, 634 (5th Cir.1983). The preferred practice is to explain the legal grounds for dismissal of each issue raised. See United States v. Marr, 856 F.2d 1471, 1472-73 (10th Cir.1988); United States v. Counts, 691 F.2d 348, 349 (7th Cir.1982) (per curiam). Elder's first and second claims, concerning the fact and duration of the underlying conspiracy, are tenuous, at best. These claims were decided against him (albeit in the context of a co-defendant) on direct appeal. Issues raised and considered on direct appeal may not be relitigated in a Sec. 2255 motion to vacate sentence absent extraordinary circumstances. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). In addition, this court has repeatedly held that the sufficiency of evidence to support a conviction may not be collaterally reviewed on a Section 2255 proceeding. United States v. Osborn, 415 F.2d 1021, 1024 (6th Cir.1969) (en banc), cert. denied, 396 U.S. 1015 (1970); United States v. Shields, 291 F.2d 798 (6th Cir.), cert. denied, 368 U.S. 933 (1961). The absence of supporting rationale is not an absolute impediment to affirming on these grounds. The third ground for relief concerning the due process implications of Elder's sentence, however, was not addressed on direct appeal, and it does not appear to be frivolous. See United States v. Jenkins, 4 F.3d 1338, 1346-47 (6th Cir.1993) (sentence vacated and remanded for findings regarding the jointly undertaken criminal activity), cert. denied, 114 S.Ct. 1547 (1994); United States v. Okayfor, 996 F.2d 116, 120-21 (6th Cir.) (same), cert. denied, 114 S.Ct. 238 (1993); United States v. Sims, 975 F.2d 1225, 1244 (6th Cir.1992) (sentence as to one defendant vacated and remanded for foreseeability and jointly undertaken criminal activity findings), cert. denied, 113 S.Ct. 1315, 1617 and 1620 (1993). His attendant claim, that he was instructed not to raise them by counsel, also sets forth an issue not capable of summary affirmance without supporting rationale by the district court. We think it best to remand this case in toto to the district court for further consideration. The order on appeal simply does not provide a sufficient basis for appellate review and must be remanded for this reason.
 
 
 10
 Accordingly, the district court's judgment is vacated and the cause remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.