43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank Cisco BROWN, Petitioner-Appellant,
v.
Emmitt L. SPARKMAN, Warden, Northpoint Training Center;
Attorney General, Commonwealth of Kentucky,
Respondents-Appellees.
 No. 94-5635.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: MERRITT, Chief Judge; NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Frank Cisco Brown, pro se, appeals a district court judgment dismissing, with prejudice, his petition for habeas relief filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On August 8, 1973, Brown pleaded guilty to armed robbery. On August 17, 1973, Brown requested the court to postpone sentencing until he had completed his federal sentence or had been paroled therefrom. The court granted his motion. Subsequently, on November 8, 1973, Brown filed a motion requesting that the court impose a sentence and run it concurrent to his federal sentence. The trial court granted Brown's motion and sentenced him to ten years to run concurrent with his federal sentence. Brown was not present at the sentencing because he waived his right to be present in the affidavit attached to his motion. Brown has exhausted his state court remedies.
 
 
 3
 In his habeas petition now under consideration by this court, Brown attacked his 1973 conviction on the basis that he was wrongly sentenced in absentia and that his 1973 guilty plea was invalid. The matter was referred to a magistrate judge, who determined that the district court lacked statutory authority and jurisdiction to review this petition, because Brown was no longer "in custody" for the 1973 conviction but, rather, was serving a sentence on a later conviction. The magistrate judge relied on the Supreme Court holding in Maleng v. Cook, 490 U.S. 488 (1989) (per curiam). After reviewing this report and recommendation, as well as Brown's objection to that report, the district court adopted the report in its entirety, concurring in the magistrate judge's finding that Brown was no longer "in custody" on the basis of his 1973 conviction at the time his current petition was filed. The district court dismissed the petition, with prejudice, by judgment dated March 29, 1994.
 
 
 4
 Upon review, we affirm the district court's judgment because the district court was without jurisdiction to entertain Brown's petition. See Gavin v. Wells, 914 F.2d 97, 98 (6th Cir.1990).
 
 
 5
 A habeas petitioner is not "in custody" to meet the requirement under 28 U.S.C. Sec. 2254(a), for purposes of reviewing the habeas petition, when the sentence imposed for that conviction has fully expired at the time the petition is filed. Maleng, 490 U.S. at 491. Brown was not in custody for the purposes of Sec. 2254(a). As the magistrate judge correctly points out, during a state post-conviction hearing, Brown testified that following imposition of sentence on November 19, 1973, he remained in custody for a period of time before being released. He further testified that after being released he was later convicted in 1977 on new charges. Importantly, Brown testified that he has been continuously in custody since February 20, 1983. Based on this testimony, it appears that the ten year sentence under attack has fully expired by its own terms. Brown has continuously been in prison for more than ten years preceding the filing of this petition on March 29, 1993. The 1973 sentence was to run concurrently with Brown's other existing sentences in 1973. Upon his reincarceration on February 20, 1983, Brown would have begun serving time toward his ten year sentence on that date. See Ky.Rev.Stat. Sec. 439.352; Wallace v. Wingo, 453 S.W.2d 557 (Ky.1970) (a parolee who is convicted and sentenced must serve the remainder of his old sentence and then his new sentence).
 
 
 6
 Brown's remaining claims on appeal are without merit.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.