43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. BARNEY, Plaintiff-Appellant,
v.
John D. HALLEWELL, Capt., et al., Defendants-Appellees.
 No. 94-3745.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: NELSON, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 James L. Barney, proceeding pro se, appeals a district court judgment dismissing his civil complaint seeking relief pursuant to Title IV of the Career Compensation Act, now codified at 10 U.S.C. Secs. 1201 et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Barney sued an Air Force captain, a major, an employee of the Department of Veterans' Affairs, the United States Attorney General, and an Assistant United States Attorney. Barney alleged that the defendants fraudulently prohibited him from receiving a medical disability discharge and disability benefits. Barney enlisted in the United States Air Force in November 1959, and subsequently sustained a hernia during his service. He had surgery on August 25, 1961, and was honorably discharged on October 10, 1961.
 
 
 3
 The district court dismissed the United States Attorney General, the Assistant United States Attorney, and the United States Air Force major. After reviewing the remaining defendants' motion to dismiss, the district court dismissed Barney's complaint for lack of subject matter jurisdiction and because Barney had filed his suit beyond the applicable statute of limitations. Barney has filed a timely appeal, reasserting his same claims.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Barney's complaint for lack of subject matter jurisdiction. See Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir.1990); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990). Barney has simply not met his burden of establishing jurisdiction. See id.; Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam). The district court lacked subject matter jurisdiction over Barney's claim, to the extent that it does not sound in tort, as the United States Court of Federal Claims has exclusive jurisdiction over such claims, in excess of $10,000. See 28 U.S.C. Secs. 1346(a)(2) and 1491(a)(1); New Mexico v. Regan, 745 F.2d 1318, 1322 (10th Cir.1984), cert. denied, 471 U.S. 1065 (1985); Chelsea Community Hosp. v. Michigan Blue Cross, 630 F.2d 1131, 1136 (6th Cir.1980). Here, Barney seeks disability retirement pay dating back to 1961. To the extent that Barney's claim does sound in tort, it is barred by the applicable statute of limitations as Barney did not file his application with the Board of Corrections within two years after his claim accrued, see Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir.1991), nor did he file his complaint with the district court within six months of the Board's denial of his application. See 28 U.S.C. Sec. 2401(b); McNeil v. United States, 113 S.Ct.1980, 1982 n. 4 (1993); Garrett v. United States, 640 F.2d 24, 26 (6th Cir.1981) (per curiam).
 
 
 5
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.