43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl E. ANDERSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-5902.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: NELSON, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Carl E. Anderson appeals pro se from a district court judgment that upheld a partially favorable decision by the Secretary regarding Anderson's applications for social security disability benefits and supplemental security income ("SSI"). The appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 An Administrative Law Judge ("ALJ") found that although Anderson's condition was not equivalent to any of the impairments described in Appendix 1 to the regulations, Anderson had a severe back impairment that prevented him from performing his past work as a roof truss assembler. The ALJ also found, however, that Anderson retained the ability to perform a significant number of light jobs before May 28, 1988. Anderson was awarded SSI benefits commencing on May 28, 1988, but the ALJ determined that he had not been disabled before that time. The ALJ's opinion became the final decision of the Secretary on May 27, 1993, when the Appeals Council declined further review. On June 7, 1994, the district court adopted a magistrate judge's recommendation that the case be dismissed. It is from this judgment that Anderson appeals.
 
 
 3
 "Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence."
 
 
 4
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc), and even if the reviewing court would have decided the matter differently as a matter of first impression. Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir.1994).
 
 
 5
 The earliest onset date alleged in Anderson's applications for disability insurance benefits was June 15, 1984. The period relevant to the claim for these benefits thus extends from June 15, 1984, through September 30, 1985, when Anderson's insured status expired. Anderson's earliest SSI application had a filing date of July 24, 1985. The period as to which Andersons' right to SSI benefits is in dispute thus extends from July 24, 1985, to May 28, 1988.
 
 
 6
 Anderson injured his back while trying to move a trailer axle. He was examined by Dr. Erickson in May of 1985, and was diagnosed as having recurrent sciatica from a herniated disc. On June 17, 1985, Dr. Erickson performed a laminectomy and discectomy. He performed a second laminectomy and discectomy on June 21, 1985. On May 28, 1988, Anderson began a series of emergency room visits seeking treatment for lower back pain. Dr. Strait diagnosed lumbar disc disease with radiculopathy and performed a right hemilaminectomy on August 24, 1988.
 
 
 7
 The ALJ's finding that Anderson retained the ability to perform a limited range of light work before May 28, 1988, is directly supported by the assessments of several non-examining physicians. It is also consistent with several reports of examining and treating physicians. On August 24, 1987, an examining orthopedist, Dr. Seiters, reported that Anderson could perform a limited range of light work. On September 8, 1988, Anderson's first surgeon, Dr. Erickson, reported that he could perform light work that did not involve climbing, twisting or bending. Finally, on May 16, 1989, Dr. Graves reported that Anderson could perform the lifting requirements of medium work, even though his ability to stand, walk, reach, push and pull was affected by his back pain. These reports provide substantial support for the ALJ's finding that Anderson could perform a limited range of light work before May 28, 1988.
 
 
 8
 Anderson argues that the Secretary failed to consider a letter from Dr. Erickson, dated April 14, 1992. In it, Dr. Erickson states that Anderson's disability dates back to his original surgery in 1985; the letter disavows Dr. Erickson's assessment that Anderson could perform light work in 1988. Anderson submitted this letter for the first time when he sought review of the ALJ's decision by the Appeals Council.
 
 
 9
 The district court acted properly in refusing to consider the substance of a letter that had not been considered by the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir.1993). The court was correct in determining that a remand was not required, Anderson not having shown that the letter was material. To satisfy the materiality test, there must be a reasonable probability that the letter would have altered the Secretary's determination if it had been considered by the ALJ. Sizemore v. Secretary of Health and Human Servs., 865 F.2d 709, 711 (6th Cir.1988). Anderson did not meet this test because the ALJ's finding regarding his ability to perform light work was supported by the reports of numerous consulting and examining physicians. See id.
 
 
 10
 Anderson also argues that the opinions of his treating physicians were not given proper deference. A treating physician's opinion is afforded more weight than the opinion of a consultant, but the ultimate determination regarding disability remains with the Secretary. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). In the present case, the reports of Anderson's treating physicians are generally consistent with the ALJ's partially favorable decision. In 1988, despite his subsequent letter to the contrary, Dr. Erickson clearly indicated that Anderson could perform light work. Dr. Graves, who treated Anderson during many of his emergency room visits, reported that Anderson could still perform some medium-level work in 1989. The reports of several consulting physicians also directly support the ALJ's findings regarding Anderson's capacity to work.
 
 
 11
 Because Anderson was unable to perform his past work, the burden shifted to the Secretary to show that a significant number of other jobs were available to him. See Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir.1990). The Secretary successfully carried this burden by relying on a vocational report. The ALJ posed three hypothetical questions to a vocational expert, asking the expert to assume a claimant with Anderson's vocational background who could only perform unskilled, entry level work. These questions fairly summarized the evidence regarding Anderson's condition. See Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987). The expert's response provided substantial evidence to support the Secretary's ultimate determination that Anderson was not disabled before May 28, 1988, the response having indicated that a significant number of light and sedentary jobs had been available to Anderson until that time. See Born, 923 F.2d at 1174-75.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.