43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David CABLE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-6501.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: MARTIN and BOGGS, Circuit Judges; and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 David Cable appeals the district court's judgment affirming the Secretary of Health and Human Services' denial of social security benefits. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 On February 12, 1991, Cable filed an application for disability insurance benefits. An administrative law judge denied his application on January 24, 1992, after a formal hearing. Cable subsequently requested a review of that decision, and the Appeals Council determined that there was no basis for granting Cable's requested review. Seeking judicial review of the administrative law judge's decision, Cable then filed a complaint in federal district court. The court granted the Secretary's motion for summary judgment on October 4, 1993, affirming the administrative law judge's denial of benefits. This timely appeal followed.
 
 I.
 
 3
 Cable, who was fifty-four years old at the time of the hearing before the administrative law judge, worked in the coal mines for roughly twenty years. In May 1990, however, intense back pain allegedly made it impossible for him to continue working. According to Cable, this constant pain, which resulted from a 1975 injury, compelled him to elevate his feet daily, necessitated the use of a heating pad, back supports, and a cane, greatly restricted his ability to walk, sit, and stand for long periods of time, prevented him from lifting any weight, and required him to take medication. In addition, Cable claimed that he was undergoing treatment for a hernia, high blood pressure, high cholesterol, and a nervous condition. He also explained that he suffered from a hearing impairment that required him to wear hearing aids.
 
 
 4
 In a "To Whom It May Concern" letter dated January 31, 1991, Cable's treating physician, Dr. Kermit Gibson, claimed that Cable was "permanently and totally disabled for any type of gainful employment." Observing that Dr. Gibson failed to detail objective clinical data upon which he based his assessment, however, the administrative law judge declined to follow his recommendation. Instead, the administrative law judge credited the contrary findings of other physicians that examined Cable, to conclude that Cable was "not disabled" and that he retained the residual functional capacity to perform medium-level work.
 
 
 5
 Ultimately, the administrative law judge concluded that Cable's subjective complaints were not supported by the bulk of the clinical data provided. Specifically, he noted the absence of clinical proof that Cable's back injury was "characterized by significant nerve root impingement or similar neurological involvement." In addition, he highlighted Cable's admission that medication afforded him some degree of pain relief and the fact that Cable had not participated in any type of alternative treatment program. He also noted that hearing aids were fully effective and that Cable had consistently earned high scores on pulmonary function testing. Finally, the administrative law judge observed that Cable's high blood pressure responded to medication, that his hernia did not interfere with his normal functioning, and that there was no clinical proof that Cable suffered from a medically determinable mental impairment.
 
 
 6
 Although the administrative law judge determined that Cable met his burden of proving that medical impairments prevented him from performing his past relevant work, the judge also found that the Department met its burden of demonstrating that Cable could perform a significant number of alternative jobs, despite his limitations. In reaching this conclusion, the administrative law judge relied upon the vocational expert's response to a hypothetical question concerning the number of jobs available to an individual of Cable's "age, education, and work background, who was capable of engaging in a full range of medium-level work, but who had ... non-exertional impairments."
 
 
 7
 Cable appealed the administrative law judge's decision to the district court, where it was affirmed. This timely appeal followed.
 
 II.
 
 8
 Cable makes three arguments on appeal. First, he contends that the administrative law judge and the district court erred in rejecting Dr. Gibson's opinion that Cable was disabled. Second, Cable argues that the district court erred in affirming the administrative law judge's conclusion that Cable possessed the residual functional capacity to perform medium work, based upon the vocational expert's response to a hypothetical question. Finally, he contends that the administrative law judge and the district court erred in failing to credit Cable's own testimony regarding his pain.
 
 
 9
 The term disability is defined by 42 U.S.C. Sec. 423(d)(1)(A) as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Additionally, 42 U.S.C. Sec. 423(d)(2)(A) provides that:
 
 
 10
 [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.
 
 
 11
 This Court "must affirm the Secretary's decision if it is based on this legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
 
 
 12
 Regarding Cable's claim that the administrative law judge and the district court erred in rejecting Dr. Gibson's opinion that Cable was disabled, this Court has held that the resolution of conflicting assertions between physicians, in a case such as this, is "peculiarly suited" to the Secretary. Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 537 (6th Cir.1987), cert. denied, 461 U.S. 957 (1983). In addition, although we have held that the opinion of a treating physician is entitled to great weight, we have also noted that such an opinion is not binding if contradicted by substantial evidence. Id. at 527. In short, a treating doctor's opinion regarding disability is simply not dispositive. Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986). Here, the administrative law judge and the district court properly afforded little weight to Dr. Gibson's opinion.
 
 
 13
 After the administrative law judge determined that Cable could not perform his past relevant work, the burden shifted to the Secretary to show that Cable could perform other substantial gainful activity on a sustained basis. Kirk, 667 F.2d at 529. In this case, it was appropriate for the administrative law judge to rely upon the Vocational Expert's response to his hypothetical question, given that the question accurately portrayed Cable's physical and mental impairments. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987). Moreover, because we find that substantial evidence supported the underlying findings presented in the hypothetical question, we must uphold the Secretary's decision. Bradley v. Secretary of Health and Human Servs., 862 F.2d 1224, 1228 (6th Cir.1988).
 
 
 14
 Finally, because subjective complaints, absent objective medical evidence to support the existence or severity of the alleged symptoms, cannot be a sufficient basis for establishing disability, we find that the administrative law judge did not err in evaluating Cable's complaints of pain. See McCormick v. Secretary of Health and Human Servs., 861 F.2d 998, 1002-03 (6th Cir.1988) (affirming the Secretary's denial of benefits to a claimant who was unable to "introduce objective medical evidence to support the existence of [her] alleged migraine headaches"). Although the medical evidence does show that Cable suffered from various medical ailments, it does not demonstrate that his medical impairments were of such severity that they could have reasonably been expected to produce the disabling pain that he alleged.
 
 
 15
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation