43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert H. ALLOWAY, Petitioner,
v.
The YOUGHIOGHENY AND OHIO COAL COMPANY; Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 94-3542.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1994.
 
 1
 Before: NORRIS and SILER, Circuit Judges; and NEWBLATT, District Judge.*
 
 ORDER
 
 2
 Robert H. Alloway, pro se, petitions for review of the Benefits Review Board's decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Alloway filed his claim for benefits on March 12, 1980. In June of 1981, the District Director issued an initial determination that Alloway was entitled to benefits. However, the respondent Youghiogheny and Ohio Coal Company contested this finding, and the case was heard before an Administrative Law Judge (ALJ) on March 25, 1983.
 
 
 4
 In September 1983, the ALJ issued a Decision and Order Denying Benefits. Applying the regulations found at 20 C.F.R. Part 727, the ALJ determined that Alloway was entitled to the interim presumption of disability due to pneumoconiosis under Sec. 727.203(a)(2) and Sec. 727.203(a)(4). However, the ALJ denied benefits because he determined that the employer had rebutted the presumption pursuant to Sec. 727.203(b)(2) and Sec. 727.203(b)(4). Lastly, the ALJ found that the evidence did not justify a finding of pneumoconiosis or a totally disabling pulmonary or respiratory impairment under Part 410 of the regulations. Thus, benefits were denied.
 
 
 5
 On appeal, the Board agreed that the interim presumption was invoked under Sec. 727.203(a), but that it was rebutted under Sec. 727.203(b)(4). However, the Board remanded the claim for reconsideration under the interim presumption provided in Sec. 410.490, relying on this court's holding in Kyle v. Director, OWCP, 819 F.2d 139, 144 (6th Cir.1987), cert. denied, 488 U.S. 997 (1988). Upon remand, the ALJ awarded benefits, finding that Alloway was disabled based on the presumption provided in Sec. 410.490(b). The ALJ concluded that the employer had failed to rebut the presumption under Sec. 410.490(c). Thus, the ALJ determined that Alloway was entitled to benefits commencing March 1, 1980.
 
 
 6
 Once again, the employer appealed the ALJ's decision to the Board. The Board then applied the "intervening precedent" of this court's announcement in Youghiogheny & Ohio Coal Co. v. Milliken, 866 F.2d 195 (6th Cir.1989), to conclude that the regulations contained at Sec. 410.490 were not applicable to Alloway's claim. The Board observed that Alloway had shown more than ten years of coal mine employment and, thus, the claim should have been adjudicated under Part 718 of the regulations. The Board vacated the ALJ's decision and remanded for further consideration.
 
 
 7
 After reviewing the claim under Part 718, the ALJ determined that Alloway could not show the existence of pneumoconiosis under any of the subsections in 20 C.F.R. Sec. 718.202(a). Moreover, the ALJ concluded that no total disability could be established under Sec. 718.204(c). Thus, benefits were denied by Decision and Order issued July 29, 1991. In a third appeal, the Board concluded that the ALJ's decision was supported by substantial evidence, and the Board affirmed the order denying benefits.
 
 
 8
 In his appeal to this court, Alloway states that the agency and the ALJ failed to consider that he worked 18 years on a coal drill and 6 years on a cutting machine, jobs that he alleges "cause a lot of [coal] dust...." Alloway maintains that the agency personnel are "gentlemen who have not spent any time in that environment and do not realize the dust inhaled."
 
 
 9
 This court has recognized that it must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985). For the reasons set forth below, this court concludes that substantial evidence supports the ALJ's third and final decision and that the petition for review must be denied.
 
 
 10
 The ALJ considered each piece of relevant medical evidence submitted by the parties and properly found that the interim presumption under 20 C.F.R. Secs. 727.203(a)(2) and (a)(4) were properly rebutted under Secs. 727.203(b)(2) and (b)(4) based on Alloway's type of coal mine work and Dr. Kress's medical conclusions. See Bowling v. Director, OWCP, 920 F.2d 342, 344 (6th Cir.1990); York v. Benefits Review Bd., 819 F.2d 134, 136-39 (6th Cir.1987).
 
 
 11
 The Board appropriately remanded the case for consideration of the claim under Part 718 of the regulations, pursuant to this court's holding in Milliken, 866 F.2d at 201. To establish eligibility for benefits under this Part, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 712.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). Because the ALJ made a quantitative evaluation of the X-ray readings, considering the qualifications of the readers, as well as a qualitative evaluation, the ALJ's conclusion that the x-ray evidence did not establish pneumoconiosis under Sec. 718.202(a)(1) is supported by substantial evidence. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 146-49 (1987); Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993).
 
 
 12
 The ALJ properly found that Sec. 718.202(a)(2) was inapplicable, because no biopsy or autopsy evidence was contained in the record. Although Sec. 718.305(a) was applicable because Alloway had established more than fifteen years of underground coal mine employment and had filed his claim prior to January of 1982, Alloway could not establish total disability as required to be entitled benefits under this section. Specifically, Alloway failed to meet any of the listed criteria under Sec. 718.204. See 20 C.F.R. Sec. 718.305(c).
 
 
 13
 Lastly, the ALJ could assign greater probative weight to the opinion of Dr. Kress because of his superior qualification as a pulmonary specialist. Sexton, 752 F.2d at 215. Dr. Kress found no evidence of pneumoconiosis. This court must defer to the ALJ's determinations of credibility and resolutions of inconsistencies in the physicians' testimonies, including the weight to be accorded to their opinions. See Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam); Welch v. Benefits Review Bd., 808 F.2d 443 (6th Cir.1986) (per curiam). After appropriately weighing all relevant medical evidence, the ALJ properly concluded that Alloway could not prove the existence of pneumoconiosis under either Part 727 or Part 718 of the regulations. Thus, the ALJ properly ruled that Alloway was not entitled to benefits.
 
 
 14
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Stewart Newblatt, U.S. District Judge for the Eastern District of Michigan, sitting by designation