43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael G. BROSMORE, Plaintiff-Appellee,
v.
CITY OF COVINGTON, et al., Defendants,
Donald Brown, Fire Chief for the City of Covington,
Kentucky, Defendant-Appellant.
 No. 93-6503.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1994.
 
 Before: MILBURN, SUHRHEINRICH, and LAY*.
 PER CURIAM.
 
 
 1
 In this interlocutory appeal, defendant Donald Brown challenges the district court's denial of his motion for summary judgment on the basis of qualified immunity. Plaintiff Michael Brosmore alleged in his complaint that defendant Brown harassed him in his employment because of his marriage to a black woman. He further alleged that defendant Brown's actions, taken individually and as local fire chief for the city of Covington, Kentucky, have deprived him of his civil rights and have resulted in racial discrimination in violation of 42 U.S.C. Sec. 1981, Title VII and 42 U.S.C. Sec. 1983. On appeal, the issues are (1) whether the district court erred in denying defendant Brown's motion for summary judgment on the basis of qualified immunity after determining that the law was clearly established, (2) whether the district court erred in finding that an issue of fact exists concerning whether defendant Brown created such a hostile environment that plaintiff was forced to resign his position as a firefighter, and (3) whether the district court erred in finding that there were sufficient facts to support plaintiff's contention that defendant Brown prevented him from obtaining his pension benefits.
 
 
 2
 Although defendant has raised issues other than the district court's denial of qualified immunity, we cannot address these issues on defendant's appeal of the denial of summary judgment. This court may consider only the district court's denial of defendant's qualified immunity because it is properly characterized as a collateral order, and we must wait to consider defendant's remaining arguments until after the district court has entered a final judgment. Rich v. City of Mayfield Heights, 955 F.2d 1092, 1094 (6th Cir.1992). Accordingly, upon consideration of the entire record, the briefs filed herein, and after oral argument, we AFFIRM the judgment of the district court for the reasons stated in its thorough and carefully-written Opinion and Order of October 14, 1993.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit sitting by designation